**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| LAJUAN SUMPTER, AIS #177948, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:23-cv-360-TFM-B |
| | ) | |
| REOSHA BUTLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM OPINION & ORDER**</u>

Pending before the Court is the *Motion to Dismiss Second Amended Complaint by Defendants* and brief in support (Docs. 37, 38, filed 5/30/24). Plaintiff timely filed his response, and Defendants timely filed their reply. Docs. 40, 43. For the reasons detailed below, the motion to dismiss is **GRANTED in part and DENIED in part**.

## I.    JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question), § 1343 (civil rights jurisdiction), and § 1367 (supplemental jurisdiction). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to the claims in this matter occurred in this judicial district and because the individual defendants reside in this judicial district. No party contests jurisdiction or venue, and the Court finds adequate support for both.

## II.    BACKGROUND

On September 20, 2023, Plaintiff Lajuan Sumpter ("Plaintiff") filed his Complaint with this Court. Doc. 1. Defendants Officer Nichols ("Nichols") and Reosha Butler ("Butler") filed answers, and Defendant former Commissioner Jefferson Dunn ("Dunn") filed a motion to dismiss.

Docs. 6, 8, 9. On December 15, 2023, Plaintiff filed a motion to amend his complaint. Doc. 11. The Court granted the motion to amend and ordered Plaintiff to docket his amended complaint, and Dunn's motion to dismiss was denied as moot with leave to refile. *See* Docs. 13. Subsequently, Plaintiff docketed his amended complaint. Doc. 14. Defendants Butler and Nichols again filed their respective answers, and Defendant John Hamm ("Hamm") filed a motion to dismiss. Docs. 15, 16, 17. Plaintiff then filed a second motion to amend his complaint. Doc. 20. Defendants Butler, Hamm, and Nichols filed a response in opposition to the second motion to amend complaint. Doc. 24. Plaintiff filed a reply. Doc. 28. The Court granted Plaintiff's second motion to amend, denied Defendants' motion to dismiss as moot with leave to refile, and ordered Plaintiff to file his second amended complaint. Doc. 35.

On May 16, 2024, Plaintiff filed his second amended complaint, which became the operative complaint. Doc. 36. Plaintiff's second amended complaint asserts claims for violations of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights against Dunn, Hamm, Butler, and Nichols in their individual capacities, failure to protect under the Eighth Amendment against Dunn, Hamm, Butler, and Nichols in their individual capacities, state-created danger under the Fourteenth Amendment against Dunn, Hamm, Butler, and Nichols in their individual capacities, supervisory liability/failure to supervise against Butler and Hamm in their individual capacities, and negligence against Butler.[1] With the exception of the negligence claim, all claims are brought against Defendants via 42 U.S.C. § 1983.

On May 30, 2024, Defendants filed the instant motion to dismiss and brief in support. Docs. 37, 38. Plaintiff timely filed his response, and Defendants timely filed their reply. Docs.

---

[1] Plaintiff does not specify whether the negligence claim is brought against Butler in her official capacity, individual capacity, or both.

40, 43.   The motion to dismiss is fully briefed and ripe for review, and the Court finds oral argument unnecessary.

### III.    STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted.  *See* FED. R. CIV. P. 12(b)(6).   To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.").  Because a Fed. R. Civ. P. 12 (b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true.  *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, (citing *Twombly*, 550 U.S. at 555,) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff.  *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989).  Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss.  *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence*, 919

F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss).  "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'"  *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P. 12(b)(6) purposes.").

## IV.    DISCUSSION AND ANALYSIS

Defendants argue that Plaintiff's second amended complaint is due to be dismissed on the following grounds: (1) Plaintiff's second amended complaint is an impermissible shotgun pleading; (2) Plaintiff fails to state a claim for violation of his federal constitutional rights; (4) Plaintiff fails to state a claim based on supervisory liability; (5) Plaintiff fails to state a claim based on an alleged State-created danger; (6) Defendants are entitled to qualified immunity; (7) Defendants are entitled to Eleventh Amendment immunity and Sovereign immunity; and (8) Butler is entitled to State-agent immunity on Plaintiff's state-law claim for negligence.  Doc. 37. Additionally, Defendants raise an argument that Defendant Dunn cannot be personally liable for any alleged act or omission resulting in the injury of Sumpter in July 2022 because he did not serve as ADOC's Commissioner, or in any other capacity, at that time.  Doc. 38 at 18.  The Court addresses the argument regarding Dunn first, and then each argument in turn.

### A.  Defendant Dunn

Defendants argue that, even assuming the truth of Plaintiff's allegations, former

Commissioner Dunn cannot be personally liable for any alleged act or omission resulting in the injury of Sumpter in July 2022 at Fountain because he did not serve as ADOC's Commissioner, or in any other capacity, at the time. Defendants point to the fact that Dunn's service as ADOC Commissioner ended on December 31, 2021. Plaintiff counters that "Dunn's actions (and inactions) directly caused the conditions at Fountain, which, [. . .] is a place 'where violence and terror reign'" and therefore "Sumpter has properly alleged individual-capacity claims against Defendant Dunn." Doc. 40 at 23.

The Court notes that both parties are a bit thin on their recitation of the relevant law. Regardless, it is undisputed that former Commissioner Dunn's service as the ADOC's Commissioner concluded on December 31, 2021—six months before the incident at issue took place. Pursuant to Fed. R. Civ. P. 25, "[a]n action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). "Rule 25 does not contemplate allowing suit to proceed against defendants in their capacity as former officials." *Fasking v. Allen*, Civ. Act. No. 2:18-cv-809-JTA, 2023 U.S. Dist. LEXIS 51396 at *36, 2023 WL 2655863 at *11 (M.D. Ala. Mar. 27, 2023). At the time of Plaintiff's attack in this case, Dunn was a "former official." Thus, Defendants' motion to dismiss is due be granted as to all counts asserted against Dunn.

## B. Defendants Butler and Nichols

Defendants Butler and Nichols each previously filed an answer, rather than a motion to dismiss, to Plaintiff's original complaint and Plaintiff's second amended complaint. *See* Docs. 6, 8, 15, 16. A review of the operative complaint shows that all the claims asserted against Butler and Nichols are substantively the same as the claims asserted against Butler and Nichols in the

second amended complaint.  *Compare* Doc. 14 *with* Doc. 36.  Thus, because Butler and Nichols already filed an answer to all the counts asserted against them by Plaintiff, the motion to dismiss is a nullity as it pertains to them.  *See D'Alessandris v. Sarasota Cnty., Fla.*, Civ. Act. No. 8:07-cv-1975-T-26TGW 2008 U.S. Dist. LEXIS 14595 at *1, (M.D. Fla. Feb. 26, 2008) (citing *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002) (noting that under Rule 12(b) a motion to dismiss for failure to state a claim filed after answering a complaint is a nullity because "by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief.")).

Thus, the motion to dismiss is due to be denied as it pertains to Butler and Nichols.  The Court will proceed to address the arguments in the motion to dismiss solely as they pertain to Defendant Hamm.

## C.  Shotgun Pleading

First, Defendant Hamm argues that "Plaintiff's Second Amended Complaint appears to be an impermissible shotgun pleading that fails to give Defendants . . . adequate notice of the allegations and claims asserted against them.  Doc. 38 at 6.  Defendant Hamm asserts that, as a result, the complaint should either be dismissed for failure to state a claim, or Plaintiff should be required to replead it to fix the shotgun pleading issues.  *Id.* at 8.

Fed. R. Civ. P. 8 provides a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Each allegation in the complaint "must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).  Fed. R. Civ. P. 10 provides that the complaint must "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  FED. R. CIV. P. 10(b).

The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern

what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Fed. R. Civ. P. 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation, internal quotation marks, and ellipsis omitted)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. Weiland, 792 F.3d at 1320. "Shotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (quoting *Vibe Macro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). Put another way, it is "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). There are four types of shotgun pleadings: (1) pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions,

or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321.

Defendant Hamm argues that Plaintiff's complaint is a shotgun pleading of the second and fourth varieties. Doc. 38 at 7. Hamm also appears to suggest that a heightened pleading standard applies to Plaintiff's Eighth Amendment deliberate indifference claim. *See* Doc. 8. Hamm is wrong.

At this stage, the Court takes Plaintiff's allegations as true. Defendant Hamm specifically argues that, with respect to Plaintiff's Eighth Amendment deliberate indifference claim, Plaintiff has not included allegations of how Hamm was subjectively aware of a risk to the Plaintiff and unreasonably failed to respond to the known risk of harm to him. *See* Doc. 38 at 8. However, as Plaintiff notes, Plaintiff alleges the following in his second amended complaint:

(1)  Defendant Butler has knowledge that gangs and contraband are rampant in the prison and that guards are responsible for bringing in the contraband (Doc. 36, ¶¶ 25-30, 32);

(2) Defendant Butler received reports of each event of violence against Sumpter, including when he was stabbed in retaliation for his knowledge about contraband (Doc. 36, ¶¶ 33-34, 43-45;

(3) Defendant Hamm was aware that the prison was understaffed and overcrowded and took no action to address these threats (Doc. 36, ¶¶ 41-42, 46);

(4) Sumpter and his family members complained to prison officials that Sumpter was being targeted for violence (Doc. 36, ¶¶ 41-42, 46);

These allegations are sufficient to plausibly state a claim and to put Hamm on notice of the conduct that supports the claim. As for Plaintiff's other claims, Hamm does not point to any specific issues. However, the Court has reviewed the second amended complaint in its entirety and finds that it is not a shotgun pleading. Thus, Hamm's motion to dismiss due to shotgun pleading and request in the alternative for Plaintiff to replead his second amended complaint is **DENIED**.

## D. Failure to State a Claim for Violation of Federal Constitutional Rights

Next, Defendant Hamm argues that Plaintiff fails to state a claim for a violation of his

federal constitutional rights.  Doc. 38 at 9.  Specifically, Hamm argues that Plaintiff fails to state a claim for deliberate indifference based on either violations of his Fourth, Eighth, and Fourteenth Amendment Rights in Count I or based on failure to protect under the Eighth Amendment in Count II.  To this point, Hamm claims that as a result of "Plaintiff's failure to plead deliberate indifference with any particularity as to any individual defendant, Plaintiff's deliberate indifference claims in Count I and Count II are due to be dismissed."  *Id.*  Additionally, Hamm argues that Plaintiff fails to state a claim for violation of his federal Constitutional rights because he fails to allege Hamm's personal involvement in any Constitutional violation.

    i.    **Plaintiff fails to state a claim for deliberate indifference based on "violations of [his] Fourth [. . .] Amendment Rights" in Count I**

The Court notes that neither party spends much time addressing Plaintiff's Fourth Amendment claims.  In his Second Amended Complaint, the only mention Plaintiff makes of his Fourth Amendment claim is in the Title of Count I, where he states: "Count I: Violations of Plaintiff's Fourth, Eighth, and Fourteenth Amendment Rights Under 42 U.S.C § 1983" and in the last paragraph of Count I, where he states: "Defendants' ongoing failure to take any steps to ensure Sumpter's safety constituted a continuing violation of Sumpter's Fourth Amendment rights, as incorporated by the Fourteenth Amendment."  Doc. 36 at 14-15.  Hamm only briefly argues that Plaintiff's Fourth Amendment claim is due to be dismissed, making a blanket statement in the title of their argument that "Plaintiff fails to state a claim for deliberate indifference based on either 'Violations of [his] Fourth, Eighth and Fourteenth Amendment Rights" in Count I . . . ."  Doc. 40 at 9.  Neither party elaborates further on the Fourth Amendment claim in either their response or reply.

The Fourth Amendment provides:

The right of the people to be secure in their persons, houses, papers, and effects,

**against unreasonable searches and seizures**, shall not be violated, and no warrants shall issue, but upon probably cause, supported by oath or affirmation and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV (emphasis added). While Hamm's argument to dismiss Plaintiff's Fourth Amendment claim is about as bare bones as it could be, it is clear that Plaintiff fails to state a claim for violation of his Fourth Amendment rights. Plaintiff does not make a single allegation anywhere in his second amended complaint as to a search or seizure. Furthermore, in his response it appears that Plaintiff altogether abandons any Fourth Amendment violation that he may have previously alleged. *See* Doc. at 11 (arguing that he properly raised a deliberate indifference claim and failure-to-protect under the Eighth and Fourteenth Amendments but making no argument as to any Fourth Amendment claim). Thus, Hamm's motion to dismiss is due to be granted as it pertains to any Fourth Amendment claim Plaintiff asserts in Count I.

##### ii. Plaintiff fails to state a claim for deliberate indifference based on "violations of [his] [. . .] Eighth and Fourteenth Amendment Rights" in Count I

As to the remainder of Count I, Hamm is incorrect that Plaintiff is required to plead deliberate indifference with "particularity" at this stage. *See* Doc. 38 at 10. Particularity is a legal standard that applies to allegations of fraud. The particularity standard comes from Fed. R. Civ. P. 9, which provides that a party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Where the allegations do not involve fraud, the pleading standard under Fed. R. Civ. P. 8 applies. Rule 8's pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 522, 555 (2007)). For the claim to survive under the Rule 8 standard, a plaintiff's allegations "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face." *Iqbal*, 556 at 687 (quoting *Twombly*, 550 U.S. at 570).

Courts have recognized Eighth Amendment "deliberate indifference" claims related to excessive inmate-on-inmate violence under 42 U.S.C. § 1983. *See Barefield v. Dunn*, 688 F. Supp. 3d 1026, 1050, 1063-64 (M.D. Ala. 2023) (describing the difference between a deliberate indifference failure-to-protect claim and a deliberate indifference to generalized risk of inmate-on-inmate violence claim). The test for a deliberate indifference claim related to excessive inmate-on-inmate violence claims and the test for failure to protect are the same. *See id.* at 1064.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend VIII. Under the Eighth Amendment, prison custodians are not the "guarantor[s] of a prisoner's safety." *Purcell v. Toombs Cnty.*, 400 F.3d 1313, 1320 (11th Cir. 2005). The Eighth Amendment does, however, require that "inmates be furnished with basic human needs, one of which is 'reasonable safety.'" *Helling v. McKinney*, 509 U.S. 25, 33 (1993). It is an unavoidable constitutional conclusion that incarcerating people against their will in "life-threatening condition[s]" is an unnecessary and wanton infliction of pain that constitutes "cruel and unusual punishment." *Id.* Inmates are punished with the loss of their freedom; judges do not sentence them to be beaten. Recognizing this, the Eighth Amendment provides an inmate with the right "to be reasonably protected from constant threat of violence and sexual assault by his fellow inmates," i.e., a right to be reasonably protected from an "excessive risk of inmate-on-inmate violence." *Purcell*, 400 F.3d at 1320 (quoting *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973)). A plaintiff sufficiently alleges an Eighth Amendment excessive-inmate-violence claim by stating facts showing "(1) a substantial risk of serious harm [from inmate-on-inmate violence]; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (citation omitted). The Court thus turns to each of the elements

to determine whether Plaintiff has plausibly alleged an Eighth Amendment excessive inmate violence claim.

### a. Substantial Risk of Serious Harm

Defendant Hamm argues that "Plaintiff fails to state sufficient facts to allege a substantial risk of serious harm" because he merely states conclusory allegations rather than factual allegations. Doc. 38 at 16-17.

To satisfy this element, Plaintiff must allege facts that plausibly show the conditions at Fountain at the time of the officials' conduct "were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Barefield*, 688 F.Supp. at 1068. "In cases of inmate-on-inmate violence, 'occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment'; however, an 'excessive risk of inmate-on-inmate violence at a [prison] creates a substantial risk of serious harm." *Id.* (citing Purcell, 400 F.3d at 1320-22).

With respect to Defendant Hamm, Plaintiff has asserted the following allegations: "In July 2021, the Alabama Department of Corrections reported that Fountain Correctional Facility Housed 1181 men, which was 142% of the facility's intended capacity," Doc. 35 at 5; "In July 2021, Fountain Correctional Facility had 12 prisoner assaults and had experienced 119 documented assaults year to date," *id.*; a 2019 Department of Justice report[2] "found that Fountain Correctional Facility was staffed at only 26% of the level necessary and authorized for the facility," *id.* at 4-5;

---

[2] Hamm briefly argues that the facts alleged from the DOJ Report should not be considered when considering the plausibility of Plaintiff's allegations because it is not admissible. However, admissibility is irrelevant at this stage. *See, e.g.*, *Settle v. PHBC Mktg.*, LLC, Civ. Act. No. 8-24:cv-404-SPF, 2024 LEXIS 136072, at *5-6, 2024 WL 3638007 (M.D. Fla. Aug. 1, 2024) ("Whether Plaintiff can prove the allegations with admissible evidence at trial is another matter which need not be resolved at [the motion to dismiss] stage of the proceeding.") (citing *Pronman v. Styles*, Civ. Act. No. 12-80674-CIV, 2013 U.S. Dist. LEXIS 104995, 2013 WL 3894978, at *3 (S.D. Fla. July, 26, 2014)).

"Despite being apprised of these conditions, Defendants Dunn, Hamm, and Butler took no action to remedy the conditions in Fountain," *id.* at 6; "Hamm [was] aware that the DOJ determined that the conditions at facilities in the ADOC were unsafe for inmates," *id.* at 8-9; "Hamm did not implement any policy changes in the ADOC to address the violence and unsafe conditions," *id.* at 9; "Hamm was aware that the prisons in the ADOC were understaffed and overcrowded," *id.*; and "Hamm did not implement any policy changes in the ADOC to address the understaffing and overcrowding at the ADOC," *id.*  Plaintiff also makes several allegations as to Hamm regarding the alleged unsafe conditions at Fountain and his failure to remedy them.  *See id.* at 6-10.  Plaintiff also alleges that drugs and other contraband are present throughout the prison and regularly found by officials during searches, and that prison officials are responsible for bringing contraband into Fountain.  *Id.* at 7.

These allegations are sufficient to plausibly allege a substantial risk of serious harm at this stage.  The alleged statistics in only the year prior to Plaintiff's attack are alarming, and combined with the allegations that Hamm has taken no action to remedy the overcrowding, understaffing, and violence, Plaintiff has alleged enough facts to trip over the low bar that Rule 8 requires.  *See Barefield*, 688 F. Supp. 3d at 1071 ("[T]he alleged understaffing by itself plausibly 'creates a substantial risk of serious harm regardless of any other [conditions].'") (citing *Braggs v. Dunn*, 562 F. Supp. 3d 1178, 1227 n.10 (M.D. Ala. 2021)).

### b.  Deliberate Indifference

Defendant Hamm argues that Plaintiff fails to state an Eighth Amendment claim because he does not allege facts sufficient to show the deliberate indifference element.  Doc. 38 at 15.  To establish deliberate indifference, Plaintiff must plausibly allege the following:

(1) that each Defendant was subjectively aware of the alleged excessive risk of inmate violence, (2) that each Defendant had the authority and power to reduce that

risk by taking known measures, and (3) that each Defendant—either knowingly, recklessly, or with more than gross negligence—failed to take such steps[.]

*Id.* at 1075 (internal citations omitted).

Defendant Hamm was the Commissioner of ADOC, a high-ranking official with substantial power and responsibility over Fountain's operation, at the time of the attack on Plaintiff. Hamm is alleged to have failed to take known, basic steps to address the excessive risk of inmate violence at Fountain, despite having the responsibility and authority to eliminate the risk and improve prisoner safety. *See* Doc. 36 at 4-9.

Plaintiff plausibly alleges that Hamm was aware of the understaffing and overcrowding issues at Fountain, as well as the introduction/presence of contraband, at Fountain that created the excessive risk of inmate violence. Further, ADOC's own statistics and incident reports also plausibly confer subjective awareness of the relevant conditions at Fountain to Hamm. *See Wilson v. Dunn*, 618 F. Supp. 1253, 1274-75 (N.D. Ala. 2022) (finding that the Eleventh Circuit had clearly established that similar documentation is sufficient to plausibly allege subjective awareness of a substantial risk of serious harm from inmate-on-inmate violence). Thus, Plaintiff plausibly alleges that Hamm was subjectively aware of the excessive risk of inmate violence at Fountain.

Plaintiff also plausibly alleges that Hamm had the authority and means to take steps to prevent or eliminate the excessive risk of inmate violence and failed to do so. *See* Doc. 36. Much like in *Barefield*,

> [Plaintiff] has alleged that [Hamm] took no action whatsoever, that was within [his] power, in response to a known, excessive risk of inmate violence. At this early stage, and without the benefit of discovery where [Hamm] can say exactly what steps were or were not taken, that is sufficient to allege more than grossly negligent disregard as required to establish deliberate indifference.

688 F. Supp. at 1082.

Thus, Plaintiff has plausibly alleged deliberate indifference for an excessive inmate

violence claim as to Defendant Hamm.

      **c.  Causation**

      Finally, Defendant Hamm argues that Plaintiff fails to state his Eighth Amendment claim

because his allegations as to causation are "conclusory." Doc. 38 at 18.

> In excessive-inmate-violence claims, two causal links must be established. *Hale*,
> 50 F.3d at 1584 (citing *LaMarca*, 995 F.2d at 1538).  "First, a link between [the
> prison official's] allegedly deliberately indifferent acts and omissions and the
> excessive risk of violence; and second, a link between the excessive risk of violence
> and [his] injur[ies]."  *Id.*  The Eleventh Circuit has also described these two links
> as (1) an "individualized causation requirement (proof that a defendant contributed
> to the unconstitutional prison conditions)," and (2) "more generalized causation
> requirement (proof that the unconstitutional prison conditions contributed to [the
> plaintiff's] injuries.)" *Williams*, 689 F.2d at 1384-85.

*Barefield*, 688 F. Supp. 3d at 1084.  At this stage, "the inquiry . . . is primarily concerned with the

individualized causal link, *i.e.* 'whether [a defendant's] deliberate indifference caused the alleged

constitutionally infirm condition.'"  *Id.* (citing *LaMarca*, 995 F.2d at 1384-85).  This is because,

in the context of excessive inmate violence, "if there is in fact a known, substantial risk of serious

harm . . . and a plaintiff establishes the first causal link between the defendant's acts or omissions

and that risk, then the defendant is 'precluded from contending that [it] was not at least a proximate

cause'" of plaintiff's injuries.  *Id.* (citing *Williams*, 689 F.2d at 1389).

      Hamm relies on *Franklin v. Curry*, a case in which the facts and allegations were notably

different from those at hand.  *See Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  In

*Franklin*, the court stated:

> Franklin states that Sheriff Curry "failed to promulgate, to adopt, to implement or
> to enforce policies, rules, or regulations to safeguard female inmates," but she does
> not describe any of the polices that were in place, the sort of policies that should
> have been in place, or how those policies could have prevented [her] harassment.

*Id.*  In short, *Franklin* did not include allegations of overcrowding, understaffing, contraband, and

high rates of inmate assaults, nor the availability of ADOC statistics or a Department of Justice

reports detailing such statistics.  Plaintiff includes such allegations here.  *See* Doc. 36 at 4-5. Plaintiff also alleges that, despite his awareness of these conditions at Fountain, Defendant Hamm took no action to remedy them and did not implement any policy changes in the ADOC to address them.  *See id.* at 6, 9.

Thus, Plaintiff's allegations that Hamm's actions and omissions proximately caused his injuries are not "as conclusory as those held insufficient at the pleading stage in *Franklin*," as Hamm suggests.  *See* Doc. 38 at 18.  Plaintiff has plausibly pled that Hamm knew of a substantial risk of serious harm, and that Hamm's failure to act to reduce that substantial risk of harm caused Plaintiff's injuries.  That is all that is required at this stage.

Thus, because Plaintiff has plausibly pled all the required elements of an Eighth Amendment excessive inmate violence claim, Hamm's motion to dismiss is due to be denied as it pertains to failure to state an Eighth Amendment claim in Count I.

### iii.    Plaintiff fails to state a claim for deliberate indifference based on failure to protect under the Eighth Amendment in Count II

In addition to his excessive inmate violence claim in Count I, Plaintiff also alleges, in Count II, a specific failure to protect claim.  The requirements for a specific failure to protect claim are essentially the same as those for an excessive inmate violence claim.  Thus, a specific failure to protect claim requires plausible allegations of: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013) (quoting *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003)).

Unlike an excessive inmate violence claim, however, a specific failure to protect claim requires that Plaintiff allege deliberate indifference as to "specific, or individualized, threats posed by certain inmates or groups of inmates to a specific plaintiff or class of inmates like plaintiff."

*Barefield*, 688 F. Supp. at 1063 (citing *Marbury v. Warden*, 936 F.3d 1227, 1235-36 (11th Cir. 2019)).

Plaintiff alleges that he was targeted for violence by a correctional officer because he learned that Fountain officers brought cellphones into the facility. Doc. 36 at 9. Plaintiff also alleges that he and his family members complained to Butler about Plaintiff's safety at Fountain. *Id.* at 9-10. Plaintiff also alleges that prison officials told him that he could not be moved due to a lack of beds. *Id.* at 10. At this stage, Plaintiff, a prisoner, would have no way to know the extent or specifics of Hamm's knowledge without a period of discovery. Hamm's arguments are more appropriately brought at the summary judgment stage. For now, Plaintiff has plausibly alleged a specific failure to protect claim against Hamm. Thus, Hamm's Motion to Dismiss is due to be denied as to Count II.

**E.  Plaintiff fails to allege Hamm's personal involvement in any Constitutional violation**

Next, Hamm argues that Plaintiff's Constitutional claims should be dismissed because he fails to allege his personal involvement in any Constitutional violation. Hamm cites boilerplate law and does not include any substantive analysis as to why he should be dismissed under this argument. The Court will not make Hamm's arguments for him. Thus, the motion to dismiss is due to be denied on this ground.

**F.  Failure to State a Claim for State-Created Danger in Count III**

Defendant Hamm also argues that Plaintiff's claim for state-created danger in Count III is due to be dismissed because the Eleventh Circuit does not recognize such a claim, and even if it did, the claim fails because Plaintiff fails to allege an underlying constitutional violation.

As Plaintiff correctly points out, Hamm is wrong that the Eleventh Circuit does not recognize a state-created danger claim. Hamm's argument has already been very clearly denied

by courts in this circuit.  For simplicity's sake, the Court will provide the except from a recent

opinion explaining why Hamm's argument is not correct, which was released approximately a

month and a half **before** Hamm filed his motion to dismiss.

> Commissioner Dunn contends that the court should dismiss [plaintiff's] state-created danger claim because "[t]he Eleventh Circuit does not generally recognize such a claim." Doc. 130 at 31 (citing *Vaughn v. City of Athens*, 176 F. App'x 974, 976 n.1 (11th Cir. 2006).  Commissioner Dunn argues that if the doctrine does exist, it is an extremely high bar to clear.  He cites *Waddell v. Hemerson*, 329 F.3d 1300, 1305 (11th Cir. 2003), in which the court held that "a showing of negligence is insufficient to make out a constitutional due process claim."  Instead, the actions "must be egregious—that is, shock the conscience—at the time the government actor made the decision."  *Id.* (cleaned up).
>
> [Plaintiff] says that Commissioner Dunn misstates the law.  He says that the footnote from *Vaughn* was limited to the "non-custodial context."  And he cites numerous decisions that have affirmed the viability of a state-created danger claim in the custodial context. *See, e.g.*, Pilcher, 2023 U.S. Dist. LEXIS 56484, 2023 WL 2756978; Wilson, 618 F. Supp. 3d 1253 (N.D. Ala. 2022); Gayle v. Meade, No. 20-21553-CIV, 2020 U.S. Dist. LEXIS 71953, 2020 WL 1949737, at *28 (S.D. Fla. Apr. 22, 2020), report and recommendation adopted in part, 2020 U.S. Dist. LEXIS 76040, 2020 WL 2086482 (S.D. Fla. Apr. 30, 2020), order clarified, 2020 U.S. Dist. LEXIS 81934, 2020 WL 2203576 (S.D. Fla. May 2, 2020).
>
> [. . .]
>
> Mr. Johnson is right about the existence of a state-created danger claim in a custodial setting.  *Waddell* "did not find that the state-created danger doctrine is no longer valid."  *Pilcher*, 2023 U.S. Dist. LEXIS 56484, 2023 WL 2756978, at *8. "[I]n *Waddell*, the Eleventh Circuit explained that for purposes of substantive due process state-created danger claims in the non-custodial setting, the Circuit's 'special relationship' and 'special danger' doctrines had been superseded by Supreme Court precedent."  *Id.* (cleaned up).

*Johnson v. Dunn*, Civ. Act. No. 2:21-cv-1701-AMM, 2024 LEXIS 43246, 2024 WL 1076802

(N.D. Ala. March 12, 2024).  Numerous other courts have also recognized state-created danger

claims in custodial settings.  *Wilson v. Dunn*, 618 F. Supp. 3d 1253, 1284 (N.D. Ala. 2022); *Pilcher*

*v. Dunn*, Civ. Act. No. 4:21-cv-204-ACA, 2023 WL 2756978, 2023 LEXIS U.S. Dist. 56484, at

*22 (N.D. Ala. Mar. 31, 2023); *see also White v. Luster*, 183 F.3d 1253, 1257 (11th Cir. 1999)

("[T]he only relationships that automatically give rise to a governmental duty to protect individuals from harm by third parties under the substantive due process clause are custodial relationships, such as those which arise from the incarceration of prisoners . . ..").  Thus, Hamm's argument that a state-created danger claim is not recognized by the Eleventh Circuit fails.[3]

Next, Hamm contends that even if a claim for state-created danger exists, which this Court finds it does, Plaintiff's claim fails because he fails to allege an underlying constitutional violation. Hamm does not provide even a single sentence of analysis on this argument.  Again, the Court will not make Hamm's arguments for him.  Thus, the motion to dismiss is due to be denied as it pertains to this argument.

### G.  Failure to State a Section 1983 Claim for Supervisory Liability in Count IV

Defendant Hamm also argues that Plaintiff fails to plausibly allege sufficient facts to state a claim for supervisory liability.  Again, Hamm cites boilerplate law and does not include any substantive analysis as to why he should be dismissed under this argument.  In fact, the extremely minimal analysis that Hamm does provide relates only to Butler.  Again, the Court will not make Hamm's arguments for him.  Thus, the motion to dismiss is due to be denied as it pertains to this argument.

### H.  Eleventh Amendment and Sovereign Immunity

Defendant Hamm argues that Plaintiff cannot pursue damages claims against the ADOC or its officials in their official or individual capacities.  Hamm further argues that the appropriate path for Plaintiff to obtain damages for his injuries as to the individual Defendants would be through the Alabama Board of Adjustment.  Hamm states: "The Alabama Board of Adjustment

---

[3] The Court will address the failure to disclose contrary caselaw in a separate show-cause order.

provides an adequate mechanism for Plaintiff to pursue relief for his alleged injuries and his attempt to circumvent the Eleventh Amendment and State sovereign immunity holds no merit." Doc. 38 at 22.

Plaintiff counters that his official capacity claims seek declaratory judgment and injunctive relief rather than monetary damages and therefore fall under the *Ex Parte Young* exception. As for his individual capacity claims, Plaintiff contends that "all these claims allege that the Defendants acted willfully, in bad faith, and beyond their authorities when violating the constitutional rights of Sumpter" and are not barred by the Eleventh Amendment. Doc. 40 at 25. Plaintiff also argues that other courts have "rejected Defendants' arguments that the Alabama Board of Adjustment is an adequate mechanism to adjudicate prisoner claims and thus precludes litigation." *Id.* at 25.

> Under *Ex parte Young*, the Supreme Court held that private individuals could sue state officers for injunctive relief despite sovereign immunity because "individuals, who, as officers of the State, are clothed with some duty in regard to the enforcement of the laws of the State, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action." 209 U.S. 123, 155-56, 28 S. Ct. 441, 52 L. Ed. 714 (1908). The Eleventh Circuit has accordingly held: "[The *Ex parte Young*] doctrine provides an exception to Eleventh Amendment immunity for lawsuits against state officials as long as the plaintiffs seek only prospective injunctive relief to stop ongoing violations of federal law." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1215 (11th Cir. 2009) (emphasis added) (citing *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000)); *see also Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999) ("[T]he Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief, but does not generally prohibit suits seeking only prospective injunctive or declaratory relief.") (citation omitted).

*Beauchamp v. Antee*, Civ. Act. No. 3:22-cv-504-RAH-SMD, 2022 U.S. Dist. LEXIS 213476 at *5-6, 2022 WL 17253639 (M.D. Ala. Nov. 28, 2022).

Thus, Plaintiff is correct that his official capacity claims seeking declaratory and injunctive relief are not due to be dismissed under the *Ex Parte Young* exception. On reply, however, Hamm

argues that "Plaintiff lacks standing to prevail on any injunctive relief because he is not housed at the Fountain facility and his Complaint does not establish that there is a strong likelihood that the injury he suffered previously will be repeated . . .." Doc. 43 at 12. Because this argument is raised on reply and Plaintiff has not had the opportunity to be heard on it, the Court will not entertain it here. However, the Court will require further briefing to address this issue because standing is a fundamental requirement for any claim.

As for the individual capacity claims, Plaintiff is correct that the Eleventh Amendment does not bar those claims because Plaintiff can find relief at the Alabama Board of Adjustment. *See Barefield*, 688 F. Supp. at 1060.[4] Nonetheless, Eleventh Amendment immunity may still shield defendants sued in their individual capacities "if the state is the real, substantial party in interest." *Jackson v. Ga. Dept. of Transp.*, 16 F.3d 1573, 1577 (11th Cir. 1994) (quotation omitted). The Eleventh Circuit has stated that "[t]he general test for determining whether the state is the real party in interest . . . is whether the relief sought . . . would in fact operate against the state, especially by imposing liability damages that must be paid out of the public" funds. *Id.* Thus, so long as Plaintiff does not "see[k] to impose a liability which *must* be paid from public funds in the state treasury," his individual capacity claims are not barred by the Eleventh Amendment. *Id.* (quotation omitted) (emphasis added).

Here, Plaintiff does not seek damages from Alabama's state treasury. He seeks damages from individual defendants. "[A]n award of damages against an official in his [individual] capacity can be executed only against the official's personal assets." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, Plaintiff's individual capacity claims are not subject to Eleventh Amendment

---

[4] *See supra* note 3.

immunity.

Accordingly, Defendant Hamm's Eleventh Amendment/sovereign immunity argument fails at this stage. However, as noted above, the Court will order further briefing on the standing issue raised for the first time in Defendants' reply.

## I. Qualified Immunity

Defendant Hamm also argues that he is entitled to qualified immunity of Plaintiff's federal claims. "The qualified immunity defense shields 'government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "While the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be . . . raised and considered on a motion to dismiss." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To overcome a defense of qualified immunity, "the plaintiff must make two showings." *Corbitt*, 929 F.3d at 1311. First, the plaintiff "must establish that the defendant violated a constitutional right." *Id.* (quoting *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199-1200 (11th Cir. 2007). Second, the plaintiff "must show the violated right was 'clearly established.'" *Id.* (quoting *Griffin Indus., Inc.*, 496 F.3d at 1199-1200). Federal district courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* (quoting *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

"If the official did not violate the law, the inquiry ends." *Griffin Indus., Inc.*, 496 F.3d at 1200. "Generally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds

when the 'complaint fails to allege the violation of a clearly established constitutional right.'"
*Corbitt*, 929 F.3d at 1311 (quoting *St. George*, 285 F.3d at 1337).

"For a right to be clearly established, '[t]he contours of the right must be sufficiently clear
that a reasonable official would understand that what he is doing violates that right.'" *Id.* (quoting
*Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  The Eleventh Circuit has "identified three
different ways a plaintiff can show that the state of the law gives officials fair warning of a clearly
established right." *Id.* at 1312.  First, the plaintiff can "show that a materially similar case has
already been decided." *Id.* (quoting *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir.
2005)).  In the Eleventh Circuit, a right may be clearly established by "judicial decisions of the
United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the
highest court of the relevant state." *Id.* (quoting *Griffin Indus., Inc.*, 496 F.3d at 1199 & n.6)).

Second, the plaintiff can show that a right is clearly established if he can show "'that a
broader, clearly established principle should control the novel facts' of a particular situation." *Id.*
(quoting *Mercado*, 407 F.3d at 1159).  In this scenario, "the principle must be established with
obvious clarity by the case law so that every objectively reasonable government official facing the
circumstances would know that the official's conduct did violate federal law when the official
acted." *Id.* (quoting *Loftus v. Clark-Moore*, 690 F.3d 1200, 1205 (11th Cir. 2012)). Or "[p]ut
another way, 'in the light of pre-existing law the unlawfulness must be apparent.'" *Id.* (quoting
*Loftus*, 690 F.3d at 1205).

Third, a plaintiff may show that a right is clearly established if the case "fits within the
exception of conduct which so obviously violates [the] constitution that prior case law is
unnecessary." *Id.* (quoting *Mercado*, 407 F.3d at 1159).

As already detailed extensively in Part D of this opinion, Plaintiff has clearly plausibly

alleged that Hamm violated his constitutional rights under the Eighth Amendment.

The Court also finds that the constitutional rights that Hamm plausibly violated were clearly established at the time of the unconstitutional conduct. Specifically, the Court finds that the relevant legal principles were clearly established at the time of the alleged violations both as a matter of binding, materially indistinguishable case law, and the obvious application of general Eighth Amendment principles. Plaintiff alleges that Hamm was aware of conditions that created an excessive risk of inmate-on-inmate violence at Fountain, were responsible for these conditions, and were deliberately indifferent to the violence that could, and did, naturally result from these conditions by taking no action to prevent the risk despite the authority to do so and the availability of basic measures. Those allegations, supported with sufficient factual detail to render them plausible, constitute a clearly established violation of the Eighth Amendment right to not be exposed to an environment beset by an excessive risk of inmate violence. *See Q.F. v. Daniel*, 768 F. App'x 935, 947 (11th Cir. 2019) ("[W]e held that, in 2010, it was clearly established that the Eighth Amendment protected inmates from prison officials' deliberate indifference to a known risk of inmate-on-inmate violence." (citing *Bowen v. Warden Baldwin St. Prison*, 826 F.3d 1312, 1325 (11th Cir. 2016)) (emphasis added)).

Thus, at this stage, Hamm's motion to dismiss under the argument of qualified immunity is due to be denied. This is no way precludes a review of qualified immunity at the summary judgment stage.

## J.  State-Agent Immunity

Defendants only make a state-agent immunity argument as to the negligence claim asserted against Butler. As noted in Part B, the motion to dismiss is denied in its entirety as to Butler. Thus,

the Court does not consider the merits of this argument. The argument, if appropriate, may be raised by a well-supported summary judgment motion.

## V.    CONCLUSION

Accordingly, for the reasons stated above, Defendants' Motion to Dismiss (Doc. 37) is **GRANTED in part and DENIED in part**. The motion is **GRANTED** as to Defendant Dunn and as to any Fourth Amendment claim asserted by Plaintiff in Count I. The motion is **DENIED** as to all other remaining Defendants and remaining Counts, including the remainder of Count I.

The stay on discovery entered on August 15, 2024 (Doc. 47) is hereby **LIFTED** and this matter is referred to the Magistrate Judge for entry of an amended scheduling order.

Further, as noted in Part H of this opinion, the parties are **ORDERED** to submit supplemental briefing on or before **December 16, 2024**, regarding the standing issue as to Plaintiff's claims for declaratory and injunctive relief. The parties may file any response they wish to file on or before **December 23, 2024**.

**DONE** and **ORDERED** this 3rd day of December, 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE